


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTONAHA MERCEDES MCFARLAND,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

CIVIL ACTION NO. 11-G-1321-S

**MEMORANDUM OPINION**

Teresa Williams brings this action on behalf of her daughter, Antonaha Mercedes McFarland, pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income under Title XVI of the Act.

Plaintiff filed an application for child's Supplemental Security Income benefits. Benefits were denied at the administrative level and an administrative law judge found plaintiff not to be eligible for benefits. This decision became final when the Appeals Council denied a request for review.

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

**DISCUSSION**

The definition of Child's SSI disability provides that a claimant under the age of eighteen shall be considered disabled if the claimant has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity." 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a); See 20 C.F.R. pt. 404, subpt. P, app. 1 (the listings). The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled. 20 C.F.R. § 416.924. The three-step process requires a child to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level severity, that is, the impairments meet, medically equal, or functionally equal the severity of an impairment in the listings. 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the ALJ must determine if the child's impairments meet or medically equal an impairment listed in the listings. 20 C.F.R. § 416.924(a)-(d). If the child's impairments do not meet or medically equal a listed impairment, the ALJ must then determine if the child's impairments are functionally equivalent in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926a(a). For the child's impairments to functionally equal a listed impairment, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

In accordance with the regulations, ALJ L. K. Cooper, Jr., determined the plaintiff[1] had not engaged in substantial gainful activity. [R 17]. The ALJ then found the plaintiff's attention deficit hyperactivity disorder and intermittent explosive disorder were severe within the meaning of the Commissioner's regulations. Id. At the final step of the sequential evaluation, the ALJ found the plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment Id. In

[1] Further references in this opinion to the plaintiff will be to the child, Antonaha Mercedes McFarland, on whose behalf this action was brought. The plaintiff was born on March 6, 1991, and turned 18 years old one week before the ALJ's opinion was entered.

assessing the plaintiff's functional limitations, the ALJ found that the plaintiff had either less than marked limitations or no limitations under the six domains. [R. 19-24].

On February 11, 2008, the plaintiff's treating pediatrician, Robert Smith, M.D., completed a Child Development and Functioning Rating form in which he opined that the plaintiff had marked limitations in acquiring and using information and attending and completing tasks. [R. 122-123]. Similarly, on October 1, 2008, the plaintiff's treating psychiatrist, Alaa Elrefai, M.D., completed an Adolescent Supplemental Questionnaire in which he estimated the plaintiff had marked impairments in the ability to maintain attention for extended periods of time and in her ability to use appropriate judgment. [R. 199]. Dr. Elrefai also thought the plaintiff had a marked impairment in her "ability to respond appropriately to supervision and peers (e.g., being able to accept instruction and criticism, by not requiring special supervision, and by not being unduly distracted by peers or unduly distracting to them in a school or work setting)." [R. 200].

Indeed, the plaintiff received mental health treatment from Dr. Elrefai beginning in May 2006. [R. 155-200]. An Intake and Psychosocial Assessment completed by a therapist noted that the plaintiff was referred by her school and her mother regarding disruptive and aggressive behavior in a school setting:

> Mother reports concerns with teen's restlessness, aggressiveness, and disruptive behavior in the school and homesetting. [sic] Noted aggression episodes towards peers and teachers school setting. Reported mood swings and temper outburst. Concerns with low academic performance. Poor sleep patterns. Issues with overactivity and impulsive behavior patterns. Past issues re: at-risk sexually acting out behavior with older men. Legal issues pending re: stat. rape. Family hx. of DHR i[n]volvement and substance abuse

> problems. teen denies any self-harm behavior or thoughts. Teen reports feeling anxious at times and experiencing mood swing. Hx. of rebellious and defiant behavior patterns.

[R. 170]. On November 1, 2006, Dr. Elrefai diagnosed the plaintiff with Axis I intermittent explosive disorder, ADHD combined type, idiopathic hypersomnia disorder and depressive disorder NOS, Axis II migraine headaches, and Axis IV educational problems and school problems – moderate. [R. 155]. Her current Global Assessment of Functioning[2] was 45, with the lowest and highest in the past year being 40. [R. 156]. On October 24, 2007, Dr. Elrefai reaffirmed his diagnoses of intermittent explosive disorder, ADHD combined type,

---

[2] The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. Diagnostic and Statistical Manual of Mental Disorders 30 (4th Edition) ("DSM-IV"). A GAF of 41-50 indicates: "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at 32. Several court's of appeal have, in unpublished or nonprecedential opinions, considered the impact of a claimant's GAF score of 50 or below. The courts generally find that a GAF score of 50 or below is not in and off itself determinative of disability. See Hillman v.Barnhart, 48 Fed Appx. 26, 2002 WL 31260962 at * 3, n.1(3rd Cir. 2002)(not precedential)(noting that a GAF of 50 would indicate a claimant could perform some substantial gainful activity); Rutter v. Comm'r of Soc. Sec., 91 F.3d 144 (Table), 1996 WL 397424 at *2 (6th Cir. 1996)(unpublished opinion)(exclusive reliance on GAF score not appropriate); Roemmick v. Shalala, 59 F.3d 176 (Table), 1995 WL 299894 at *2, n.1 (9th Cir. 1995)(noting that an inability to work is only one example of the level of adaptation meriting a GAF of 40); Seymore v. Apfel, 131 F.3d 152 (Table), 1997 WL 7555386 at *2 (10th Cir. 1997)("Contrary to claimant's contention, a GAF rating of 45 may indicate problems that do not necessarily relate to the ability to hold a job; thus standing alone without further narrative explanation, the rating of 45 does not evidence an impairment seriously interfering with claimant's ability to work."); Stalvey v. Apfel, 242 F.3d 390 (Table), 2001 WL 50747 at *2 (10th Cir. 1999)("The GAF is not an absolute determiner of ability to work."). But cf. Lloyd v. Barnhart, 47 Fed. Appx. 135, 2002 WL 31111988 at *1, n.2 (3rd Cir. 2002)(not precedential)(noting that a vocational expert at the administrative hearing testified that a GAF of 50 or lower would indicate claimant would not be able to keep a job).

idiopathic hypersomnia and depressive disorder NOS. [R. 183]. By this time, her GAF was noted to be 61, with a lowest assessment in the past year of 40 and the highest was 65. [R. 184].

In order to find the plaintiff was not disabled, the ALJ ignored the opinions of the plaintiff's treating pediatrician and treating psychiatrist:

> As for the opinion evidence, the Administrative Law Judge finds the opinion of Robert Smith, M.D. dated February 11, 2008 (Exhibit 1F) is entitled to little if any weight because the record contains no treatment records from Dr. Smith that support his opinion, nor any statement that shows the basis for his opinion or any treatment of the claimant's mental problems. Further, this opinion is not consistent with the medical evidence of record, particularly the objective test results. The Administrative Law Judge also gives little if any weight to the opinion of Alaa Elrefai, M.D. dated October 1, 2008 (Exhibit 11F) due to its inconsistencies with the May 30, 2006 through September 24, 2008 treatment notes of Exhibits 9F and 10F. In particular, the treatment notes indicate the claimant had a Global Assessment of Functioning of 45 on October 26, 2006 which increased to 61 on October 2, 2007. Also, the assessment completed by Dr. Elrefai does not specifically address the six domains used to assess a child's functioning, and appears to be crafted to address the mental functioning of an adult in a work environment on an eight-hour day, forty-hour week basis.

[R. 18-19].

Dr. Elrefai is a specialist in the field of psychiatry and child psychiatry, and his opinion is entitled to more weight in this area.[3] Moreover, one important aspect of the Commissioners' duty to develop a fair and complete record is his duty to recontact a claimant's treating physician. The Commissioner's regulations provide as follows:

---

[3] "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a medical specialist." 20 C.F.R. § 404.1527(d)5)

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. § 404.1512(e).

If the ALJ had questions regarding Dr. Elrefai's opinion, he could have recontacted him to explain his opinion in relation to the six domains. The ALJ had the opportunity to elicit this additional medical evidence, but chose not to do so. See Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990)(noting the ALJ improperly analyzed the medical evidence himself rather than eliciting additional medical testimony from physicians).

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be

given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true, especially when, as here, the physician is a specialist. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

The reasons given by the ALJ for giving Dr. Elrefai's opinion little weight are not supported by substantial evidence. Therefore, his opinion must be taken as true and the plaintiff is disabled within the meaning of the Act.

**CONCLUSION**

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. Id.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 28 November 2011.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.